07 CV 2814

JUDGE GRIESA

DEALY & SILBERSTEIN, LLP
Milo Silberstein (MS 4637)
225 Broadway, Suite 1405
New York, New York 10007
(212) 385-0066
*Attorneys for Plaintiffs The Trustees
of the United Teamster Pension Fund "A"*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE TRUSTEES OF THE UNITED            Case No.:
TEAMSTER PENSION FUND "A,"

                Plaintiffs,          **COMPLAINT**
                                     ECF ACTION

    - against -

P. PASCAL, INC., and DEAN PASQUALE,

                Defendants.
------------------------------------------------------------X

Plaintiffs, THE TRUSTEES OF THE UNITED TEAMSTER PENSION FUND "A," (the "Plaintiffs" or "Pension Fund") by their attorneys, Dealy & Silberstein, LLP, complaining of the Defendants, P. PASCAL, INC. ("P. Pascal") and DEAN PASQUALE ("Pasquale") hereby allege as follows:

## NATURE OF THE ACTION AND JURISDICTION

1. This is a civil action brought against the Defendants pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132(a)(3), 1132(e)(1), 1132(f), and 1145; and the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185(a), by an employee pension benefit fund.

2. This action seeks (1) to recover delinquent pension contributions which are owed to the Pension Fund by Defendant P. Pascal pursuant to an audit conducted of the corporate

books and records of from Defendant P. Pascal for the period of 2004 through 2005; (2) to recover delinquent pension contributions which are owed to the Pension Fund for the period of 2006 through 2007; and (3) to recover from Defendant Pasquale delinquent pension contributions owed to the Pension Fund by Defendant P. Pascal based upon the breach of fiduciary duty from Defendant Pasquale.

3. Jurisdiction of this Court is invoked pursuant to the following statutes:

   a. Section 502(e)(1), and 515 of ERISA (29 U.S.C. §§1132(e)(1), 1132(f) and 1145);

   b. Section 301 of the LMRA (29 U.S.C. §185);

   c. 28 U.S.C. §1331 (federal question); and

   d. 28 U.S.C. §1337 (civil actions arising pursuant to Act of Congress regulating commerce);

## VENUE

4. Venue properly lies in this district pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)). Service of process may be made on Defendants in any other district in which they may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)).

## THE PARTIES

5. At all relevant times, Plaintiffs, the Trustees of the Pension Fund, have administered the Pension Fund.

6. The Pension Fund was established pursuant to collective bargaining agreements ("CBAs") in 1957 by Declarations of Trust (the "Trust Agreements"), which have been amended from time to time.

7. The Pension Fund was formerly known as the Union Pension Trust Fund - Local 202. The name change was effectuated in 2002 by an amendment to the Trust Agreements.

8. The Pension Fund is an "employee benefit plan" established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), within the meanings of Sections 3(1), 3(2), and 3(3), and 502(d)(1) of ERISA, 29 U.S.C. §§1002(1), 1002(2), 1002(3) and 1132(d)(1), and is a multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. §§1002(37) and 1145.

9. The principal place where the Pension Fund is administered is located at 2137-2147 Utica Avenue, Brooklyn, New York, 11234.

10. The purpose of the Pension Fund is to provide pension benefits to eligible employees on whose behalf employers contribute to the Pension Fund, pursuant to CBAs between employers in the food and produce industry and the Union. The Pension Fund receives contributions from, inter alia, employers who are parties to CBAs with the Union, invests and maintains those monies, and distributes pensions to employees and to beneficiaries eligible to receive them pursuant to the Pension Fund's plan.

11. Upon information and belief, at all relevant times, Defendant P. Pascal was a corporation duly organized pursuant to the laws of the State of New York, with its principal place of business located at 960 Nepperham Avenue, Yonkers, New York, 10703.

12. Upon information and belief, at all relevant times, Defendant Pasquale was a principal and corporate officer of Defendant P. Pascal, with an address located at 960 Nepperham Avenue, Yonkers, New York, 10703.

## FACTS

13. At all relevant times, Defendant P. Pascal was a party to a collective bargaining agreement (the "CBA") with the Union which covers, <u>inter alia</u>, the wages, terms, and conditions of employment for its employees who are working in covered employment.

14. The terms and conditions of employment contained in the CBA obligate Defendant P. Pascal to make monthly pension contributions to the Pension Fund on behalf of each employee working in covered employment as defined by the CBA.

15. Specifically, Article 24, Section C, of the CBA, which is titled "Union Pension Plan," states, <u>inter alia</u>, as follows:

> The Employer shall, not later than the tenth day of each month, forward to the Union Pension office, a check payable to the Union Pension Fund for all employees employed during the preceding month, from date of hire, together with a form to be supplied by the Union, indicating the employee's name, social security number, and the number of days which the employee worked during the preceding calendar month. And/or all other information or data as may be required.

### DEFENDANTS P. PASCAL AND PASQUALE WILLFULLY UNDER-REPORTED EMPLOYEES WORKING IN COVERED EMPLOYMENT

16. Pursuant to the CBA, the Trust Agreements and ERISA, Defendant P. Pascal is obligated to allow the Pension Fund, by their respective representatives, to examine the pertinent employment and payroll records of Defendant P. Pascal, whenever such examination is deemed necessary or advisable by the Plaintiffs in connection with the proper administration of the Pension Fund.

17. Upon information and belief, Defendants P. Pascal and Pasquale have engaged in a scheme to evade their obligations to the Pension Fund pursuant to the CBA by wilfully

failing to report certain employees of Defendant P. Pascal who work in covered employment to the Pension Fund and to remit contributions to the Pension Fund on these employees' behalf.

The 2004-2005 Audit

18. On or about November 10, 2006, the Pension Fund, by its outside auditors, Miller & Melloment, conducted an audit of the corporate books and records of Defendant P. Pascal for the period of 2004 through 2005 (the "2004-2005 Audit").

19. By letter dated February 6, 2007, the Pension Fund supplied Defendant P. Pascal with a copy of the 2004-2005 Audit, which stated that Defendant P. Pascal owed past due pension contributions to the Pension Fund for the period of 2004 through 2005 in the cumulative amount of Fourteen Thousand Eight Hundred Twenty-Six ($14,826.24) Dollars and Twenty-Four Cents.

20. Despite being duly demanded, Defendant P. Pascal has failed to remit payment to the Pension Fund in the amount of Fourteen Thousand Eight Hundred Twenty-Six ($14,826.24) Dollars and Twenty-Four Cents, which is currently due and outstanding pursuant to the 2004-2005 Audit.

Delinquent Pension Contributions Owed For The Period Of 2006 Through 2007

21. By letter dated February 6, 2007, the Pension Fund informed Defendant P. Pascal that it also owed past due pension contributions to the Pension Fund for the period of 2006 through 2007 in the cumulative amount of Thirteen Thousand Two Hundred Thirty-Nine ($13,239.87) Dollars and Eighty-Seven Cents.

22. Despite being duly demanded, Defendant P. Pascal has failed to remit payment to the

Pension Fund for the delinquent pension contributions for the period of 2006 through 2007 in the cumulative amount of Thirteen Thousand Two Hundred Thirty-Nine ($13,239.88) Dollars and Eighty-Eight Cents, which is currently due and outstanding by Defendant P. Pascal to the Pension Fund.

### DEFENDANT PASQUALE IS A CORPORATE PRINCIPAL WHO IS A FIDUCIARY TO THE PENSION FUND

23. Upon information and belief, as a principal of Defendant P. Pascal, Defendant Pasquale has, at all relevant times, been vested with the authority and control over the submission of the required monthly pension payments to the Pension Fund, and therefore has held these funds as a fiduciary to the Pension Fund pursuant to 29 U.S.C. §1104(a)(1).

24. Upon information and belief, Defendant Pasquale has exercised discretionary control over money that was due and owing to the Pension Fund, and was therefore a fiduciary to the Pension Fund pursuant to ERISA with respect to the contributions that were required to be submitted to the Pension Fund and were instead wrongfully diverted to other uses.

25. Upon information and belief, by participating in submitting false and fraudulent reports to the Pension Fund, either directly or by overseeing such actions, or by aiding and abetting such actions, Defendant Pasquale has breached his fiduciary duties to the Pension Fund.

26. The Plaintiffs now bring this action against Defendants P. Pascal and Pasquale, to recover all of the delinquent pension contributions owed by Defendant P. Pascal to the Pension Fund, plus interest, costs, liquidated damages, audit costs, and attorneys' fees.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT P. PASCAL - VIOLATIONS OF CBA, TRUST AGREEMENTS, ERISA AND LMRA

27. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1

through 26 of this Complaint, as if fully set forth herein.

28. Upon information and belief, Defendant P. Pascal has failed to report to the Pension Fund employees who have worked for Defendant P. Pascal in the categories set forth in the CBA and/or all of the hours worked by reported employees, and has failed to remit pension contributions to the Pension Fund on behalf of those employees who were intentionally hidden from the Pension Fund.

29. Pursuant to the 2004-2005 Audit, Defendant P. Pascal owes the Pension Fund delinquent pension contributions in the cumulative amount of Fourteen Thousand Eight Hundred Twenty-Six ($14,826.24) Dollars and Twenty-Four Cents, plus interest, liquidated damages, costs, audit fees and attorneys' fees.

30. Defendant P. Pascal also owes additional delinquent pension contributions to the Pension Fund for the period of 2006 through 2007 in the cumulative amount of Thirteen Thousand Two Hundred Thirty-Nine ($13,239.88) Dollars and Eighty-Eight Cents, plus interest, liquidated damages, costs, audit fees and attorneys' fees.

31. Said failure and refusal by Defendant P. Pascal to report and make pension contributions for these employees constitutes a violation of Defendant P. Pascal's obligations pursuant to the CBA, the Trust Agreements, and the provisions of ERISA and LMRA. Plaintiffs seek enforcement of those provisions pursuant to Sections 502(a)(3)(b)(ii) and 515 of ERISA, 29 USC §1132(a)(3)(b)(ii), and 29 U.S.C. §1145, and Section 301(a) of LMRA, 29 U.S.C. §185(a).

32. As a result of Defendant P. Pascal's violations of the CBA, the Trust Agreements, ERISA and LMRA, the Pension Fund may be required to (a) deny benefits provided under the

7

Pension Fund's benefit plan to employee beneficiaries for whom contributions have not been made, thereby causing such employee beneficiaries substantial and irreparable damage, or (b) to provide said employee beneficiaries with benefits, notwithstanding Defendant P. Pascal's failure to make its required contributions, thereby reducing the corpus of the Pension Fund and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

33. The Trust Agreements, referred to above, provide for the assessment of liquidated damages at a rate to be set by the Plaintiffs, as well as the expenses incurred in collecting such delinquent pension contributions.

34. Accordingly, Defendant P. Pascal is liable to the Pension Fund for delinquent contributions in an amount to be determined, but believed to be in excess of Twenty-Eight Thousand Sixty-Six ($28,066.12) Dollars and Twelve Cents; interest on the unpaid contributions; liquidated damages at the rate of interest on the unpaid contributions, or twenty (20%) percent of all the unpaid contributions, whichever is greater; reasonable attorney's fees and the cost of this action.

**AND AS FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT PASQUALE - BREACH OF FIDUCIARY DUTY PURSUANT TO ERISA**

35. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

36. The terms and conditions of employment contained in the CBA obligate Defendant Pasquale to remit monthly pension reports and contributions to the Pension Fund on behalf of each employee working in covered employment.

37. Upon information and belief, Defendant Pasquale has failed to report to the Pension Fund employees who worked for Defendant P. Pascal in the categories set forth in the CBA, and/or all of the hours worked by reported employees of Defendant P. Pascal.

38. As a corporate officer and principal of Defendant P. Pascal, at all relevant times, Defendant Pasquale has been vested with the authority and control over the submission of Defendant P. Pascal's required monthly payments and reports to the Pension Fund, and has the responsibility of making the required payments on Defendant P. Pascal's behalf to the Pension Fund.

39. Accordingly, at all relevant times, Defendant Pasquale has held and continues to hold these funds as a fiduciary under 29 U.S.C. §1104(a)(1) and was required to discharge his duties solely in the interest of Defendant P. Pascal's covered employees and their eligible beneficiaries.

40. Upon information and belief, Defendant Pasquale devised a scheme and participated in a conspiracy to evade making the required pension contributions to the Pension Fund and to convert the monies due to the Pension Fund pursuant to the CBA for the use of Defendant P. Pascal and/or for his own use.

41. Upon information and belief, once Defendant Pasquale knowingly and purposefully failed to make required pension contributions to the Pension Fund, he exercised authority and control over the Pension Fund's assets and diverted those assets to other uses.

42. Upon information and belief, such conversion constitutes a breach of the fiduciary duties possessed by Defendant Pasquale pursuant to 29 U.S.C. §1104(a)(1).

43. Upon information and belief, pursuant to 29 U.S.C. §1109(a), Defendant Pasquale, as a

fiduciary with respect to the Pension Fund, is personally liable for restoring those profits and assets which have been lost as a result of the breach of his fiduciary duties.

44. By reason of the foregoing, Plaintiffs have been damaged by Defendant Pasquale in an amount to be determined, but believed to be in excess of Twenty-Eight Thousand Sixty-Six ($28,066.12) Dollars and Twelve Cents; interest on the unpaid contributions; liquidated damages at the rate of interest on the unpaid contributions, or twenty (20%) percent of all the unpaid contributions, whichever is greater; reasonable attorney's fees and the cost of this action.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request Judgment against Defendants as follows:

**ON THE FIRST CAUSE OF ACTION**, that the Court:

(a) Award judgment in favor of the Plaintiff and against Defendant P. Pascal in an amount to be determined, but believed to be in excess of Twenty-Eight Thousand Sixty-Six ($28,066.12) Dollars and Twelve Cents;

(b) Award interest on the unpaid contributions;

(c) Award liquidated damages at the rate of interest on the unpaid contributions, or twenty (20%) percent of all of the unpaid contributions, whichever is greater;

(d) Award the Plaintiffs their reasonable attorney's fees, audit fees, and the cost of this action;

**ON THE SECOND CAUSE OF ACTION**, that the Court:

(a) Award judgment in favor of the Plaintiff and against Defendant P. Pascal in an amount to be determined, but believed to be in excess of Twenty-Eight Thousand

Sixty-Six ($28,066.12) Dollars and Twelve Cents;

(b)   Award interest on the unpaid contributions;

(c)   Award liquidated damages at the rate of interest on the unpaid contributions, or twenty (20%) percent of all of the unpaid contributions, whichever is greater;

(d)   Award the Plaintiffs their reasonable attorney's fees, audit fees, and the cost of this action;

Dated: April 6, 2007
   New York, New York

                                      Yours, etc.,

                                      DEALY & SILBERSTEIN, LLP

                                      By: _____
                                          Milo Silberstein (MS 4637)
                                    *Attorneys for Plaintiffs*
                                    225 Broadway, Suite 1405
                                    New York, New York 10007-3001
                                    (212) 385-0066