UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――X
THE TRUSTEES OF THE UNITED
TEAMSTER PENSION FUND "A",   :   **ANSWER**

          Plaintiffs,   :   07 Civ. 2814 (TPG)

-against-   :

P. PASCAL, INC., and DEAN   :
PASQUALE,

          Defendants.   :
―――――――――――――――――――――X

The Defendants, by their attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP, as and for their Answer to the Subject Complaint, set forth the following:

1. Neither admit nor deny the allegations of Paragraph 1 of the Subject Complaint, as they are not allegations of fact, but rather constitute a legal conclusion.

2. Neither admit nor deny the allegations of Paragraph 2 of the Subject Complaint, as they are not allegations of fact, but rather constitute a prayer for relief.

3. Neither admit nor deny the allegations of Paragraphs 3 and 4 of the Subject Complaint, as they are not allegations of fact, but rather constitute legal conclusions.

4. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Subject Complaint.

5. Neither admit nor deny the allegations of Paragraphs 6 and 7 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

6. Neither admit nor deny the allegations of Paragraph 8 of the Subject Complaint, as they are not allegations of fact, but rather constitute a legal conclusion.

7. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 9 and 10 of the Subject Complaint.

8. Admit the allegations of Paragraph 11 of the Subject Complaint.

9. Deny the allegations of Paragraph 12 of the Subject Complaint.

10. Neither admit nor deny the allegations of Paragraphs 13 - 16 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

11. Deny the allegations of Paragraph 17 of the Subject Complaint.

12. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Subject Complaint.

13. Neither admit nor deny the allegations of Paragraph 19 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

14. Deny the allegations of Paragraph 20 of the Subject Complaint.

14. Neither admit nor deny the allegations of Paragraph 21 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

15. Deny the allegations of Paragraph 22 of the Subject Complaint.

16. Neither admit nor deny the allegations of Paragraphs 23 and 24 of the Subject Complaint, as they are not allegations of fact, but instead constitute legal conclusions.

17. Deny the allegations of Paragraph 25 of the Subject Complaint.

18. Neither admit nor deny the allegations of Paragraph 26 of the Subject Complaint, as they are not allegations of fact, but rather constitute a prayer for relief.

19. With respect to the allegations of Paragraphs 27 and 35, Defendants repeat and reallege each and every admission and denial set forth in response to the Paragraphs of the Subject Complaint listed therein as though set forth at length herein.

20. Deny the allegations of Paragraph 28 of the Subject Complaint.

21. Neither admit nor deny the allegations of Paragraph 29 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

22. Deny the allegations of Paragraphs 30 - 32 of the Subject Complaint.

23. Neither admit nor deny the allegations of Paragraph 33 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

24. Deny the allegations of Paragraph 34 of the Subject Complaint.

25. Neither admit nor deny the allegations of Paragraph 36 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

26. Deny the allegations of Paragraph 37 of the Subject Complaint.

27. Neither admit nor deny the allegations of Paragraphs 38 and 39 of the Subject Complaint, as they are not allegations of fact, but instead constitute legal conclusions.

28. Deny the allegations of Paragraphs 40 and 41 of the Subject Complaint.

29. Neither admit nor deny the allegations of Paragraphs 42 and 43 of the Subject Complaint, as they are not allegations of fact, but instead constitute legal conclusions.

30. Deny the allegations of Paragraph 44 of the Subject Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

31. Payment.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

31. The Subject Complaint fails to set forth a cognizable claim for which relief may be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

32. The Labor Management Relations Act preempts and bars the prosecution of this action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

32. The National Labor Relations Act bars and preempts the prosecution of this action.

Wherefore, it is respectfully requested that the Subject Complaint be dismissed in its entirety and the Defendants be awarded such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
June 13, 2007

Meltzer, Lippe, Goldstein & Breitstone, LLP

By: _____
Richard M. Howard (RMH-2932)
Attorneys for Defendants
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300

Rich/Pascal/Answer 400928

07-CIV-2814 (TPG)

Index No. _____ Year 200__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE TRUSTEES OF THE UNITED TEAMSTERS
PENSION FUND "A",

           Plaintiffs,

-against-

P. PASCAL, INC., and DEAN PASQUALE, ,

           Defendants.

## ANSWER

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
*Attorney(s) for* Defendants
*Office and Post Office Address*
190 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 747-0300

To

*Attorney(s) for*

Service of a copy of the within _____ is hereby admitted.

Dated, _____ 200__

_____
*Attorney(s) for*

---

### NOTICE OF ENTRY

Please take notice that the within is a true copy of a _____ duly entered in the office of the clerk of the within court on _____ 200__

Yours, etc.

**_, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
*Attorney(s) for*
*Office and Post Office Address*
190 WILLIS AVENUE
MINEOLA, N.Y. 11501

### NOTICE OF SETTLEMENT

Please take notice that an order _____ of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named court, at _____ on _____ day of _____ 200__ at _____ M.

Yours, etc.

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
*Attorney(s) for*
*Office and Post Office Address*
190 WILLIS AVENUE
MINEOLA, N.Y. 11501

To

_____
*Attorney(s) for*

---

### ATTORNEY'S AFFIRMATION

STATE OF NEW YORK
COUNTY OF _____ ss.:

The undersigned, an attorney admitted to practice in the courts of New York State, hereby affirms as true under all the penalties of perjury that affiant is

the attorney(s) of record for

in the within action; that affiant has read the foregoing

and knows the contents thereof; that the same is true to affiant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that those matters affiant believes to be true. Affiant further says that the reason this affirmation is made by affiant and not by

The grounds of affiant's belief as to all matters not stated upon affiant's knowledge are as follows:

### COMPLIANCE PURSUANT TO 22 NYCRR §130-1.1-a

To the best of the undersigned's knowledge, information and belief formed after an inquiry reasonable under the circumstances, the within document(s) and contentions contained herein are not frivolous as defined in 22 NYCRR §130-1.1a

Dated _____ 200__

_____